**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**BARRY L. JAMES,**

        **Plaintiff,**

**v.**                                                          **Case No. 3:12-cv-03379**

**CITY OF HUNTINGTON;
OFFICER J. CLEMINS; CABELL
COUNTY; BRACHT PEOPLES; et al.**

        **Defendants.**

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend

- 1 -

his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff's complaint alleges the following:

1. That beginning in February 2011, Plaintiff sought disability benefits for bipolar disorder and diminished capacity, which qualified him as a person protected under the Americans with Disabilities Act;

2. That Officer Clemins of the Huntington Police Department and other unidentified actors used excessive force during an arrest of Plaintiff made on February 2, 2011, causing him physical injuries that required emergency medical treatment;

3. That Plaintiff was defamed by the publication of false or misleading statements supplied to the news media by the police and prosecuting attorney after a second arrest of Plaintiff on March 7, 2012;

4. That after his arrest in March 2012, Plaintiff was detained illegally by the Defendants for eleven (11) days without the assistance of mental health officials; and

5. That the Defendants failed to follow their own policies, customs, practices, habits, regulations, or rules; invaded Plaintiff's privacy; violated Plaintiff's bodily integrity; unlawfully seized Plaintiff; and violated the confrontation clause of the Sixth Amendment.

Plaintiff seeks compensatory damages "against each defendant in their personal capacities for actions under color of law;" punitive damages; "injunctive relief in the form of staying the execution of a stated jail term by removal from state court pursuant to 28 U.S.C. § 1441, et seq. and 28 U.S.C. § 1446(a), et seq.;" relief "by considering this an alternative petition for removal from state court (misdemeanor court);" and nominal attorneys fees and costs.

In order for the undersigned to complete a preliminary review of the merits of the complaint and rule on the motion to proceed *in forma pauperis*, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** of the date of this Order and cure

the various deficiencies in pleading as indicated below:

1.     Plaintiff shall fully name the individuals against whom Plaintiff complains and may not rely upon the phrase "et al" to include otherwise unnamed defendants. If Plaintiff is unaware of the names of all of the relevant individuals, Plaintiff shall designate in the case caption each individual whose name is unknown as a John Doe or Jane Doe and shall further identify each individual in the body of the complaint by description, date of contact, alleged act, or in some other manner that assists the Court in determining the number of individual defendants in the action and the reason for their inclusion in the complaint.

2.     Plaintiff shall state whether he is making a claim under the Americans with Disabilities Act, or whether he claims constitutional violations by persons acting under color of state law pursuant to 28 U.S.C. § 1983.

3.     The City of Huntington is a municipality. A municipality cannot be held liable under § 1983 solely because it employs a person who allegedly violated a plaintiff's constitutional rights. *Monell v. Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To recover against a municipality under § 1983, a plaintiff must explicitly allege that the wrongful actions of the municipal employee were taken in furtherance of a "policy or custom" of the municipality. *Id.* In addition, the plaintiff must identify the municipal policy or custom that purportedly caused the injury. *Board of Commissioners of Bryan Cty. v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Therefore, if Plaintiff is alleging a claim against the City of Huntington under § 1983, Plaintiff shall specifically allege that the unnamed officers and others acted in furtherance of a custom or policy of the City of Huntington and shall

identify the custom or policy. In the alternative, if Plaintiff is not claiming that the alleged wrongful actions were the result of a municipal custom or policy, but is only asserting that the municipal employees violated his constitutional rights while acting under color of state law, Plaintiff shall name only the municipal employees as defendants.

4. Plaintiff names "Cabell County, et al." and "Bracht Peoples" as defendants in this action, but fails to specify what role they played in the events outlined in the complaint. Thus, Plaintiff shall amend the complaint to state with sufficient specificity the nature of the claims against these two defendants. Like the City of Huntington, Cabell County is a municipality. Therefore, the same rules of pleading for the City indicated above shall apply for the County.

5. Plaintiff asks the Court to stay execution of a state jail sentence or remove a state misdemeanor action to this Court. The undersigned is unable to tell (a) whether there is a pending state criminal action against Plaintiff arising from either the February 2011 or March 2012 arrest, or both; (b) whether Plaintiff has already been convicted of a state charge arising from the February 2011 or March 2012 arrest and is seeking to have his conviction or sentence set aside; or (c) whether Plaintiff has both a pending state court action and a conviction/sentence he seeks to set aside. Plaintiff shall amend his complaint to clarify these issues. Plaintiff is advised that if he is seeking to set aside a state court conviction or sentence, he is required to file a separate petition for a writ of habeas corpus under 28 U.S.C. § 2254 and must exhaust his state remedies prior to seeking federal review.

**Plaintiff is hereby given notice that a failure to amend the complaint as**

**ordered may result in a recommendation that the complaint, or a portion of the complaint, be dismissed for failure to state a claim compensable at law.** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 2) shall be held in abeyance pending initial review of Plaintiff's amended complaint or pending other further proceedings in this case.

  The Clerk is instructed to provide a copy of this order to Plaintiff.

     **ENTERED:**  September 13, 2012.

Cheryl A. Eifert
United States Magistrate Judge