IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**BARRY L. JAMES,**

      **Plaintiff,**

v.                                                    Case No. 3:12-cv-03379

**CITY OF HUNTINGTON;**
**OFFICER J. CLEMINS; CABELL**
**COUNTY; BRACHT PEOPLES; et al.**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 1), and Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the application to proceed *in forma pauperis* be **DENIED** and the complaint be **DISMISSED**, **without prejudice**, pursuant to Federal Rule of Civil Procedure 41(b) and L.R.Civ.P. 41.1.

Plaintiff, Barry James, filed the complaint herein on July 17, 2012, alleging various violations of his rights under the Fourth and Sixth Amendments to the United

1

States Constitution. He sought compensatory and punitive damages, injunctive relief, alternative dispute resolution, and nominal attorney fees and costs. After conducting an initial review of Plaintiff's complaint, the undersigned issued an Order instructing Plaintiff to correct certain deficiencies in the pleading and providing him with forty-five days to file an amended complaint, (ECF No. 5). Plaintiff was notified in the Order that his failure to file an amended complaint might result in a recommendation that the complaint be dismissed for failure to state a claim. Despite the Order, Plaintiff failed to file an amended complaint.

On June 16, 2013, the undersigned issued an Order to Show Cause under L.R.Civ.P 41.1, notifying Plaintiff that a recommendation to dismiss the action would be filed in thirty days unless he could show cause for retention of the action on the Court's docket, (ECF No. 6). Plaintiff was instructed to advise the Court if he wished to continue prosecution of his complaint, or to file a notice of dismissal if he did not wish to pursue the matter. Despite this second Order, Plaintiff took no action.

Under Fed.R.Civ.P 41(b), the Court may dismiss an action when a plaintiff fails to prosecute it, or fails to comply with a court order. Similarly, under L.R.Civ.P. 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[1]

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states: "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends upon the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). Thus, notwithstanding a court's inherent authority under the rules, when assessing whether to impose the harsh sanction of dismissal, the court should consider four factors in the context of the case, including: 1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978).

A review of the docket indicates that Plaintiff received both Orders issued by the undersigned, but failed to take the steps necessary to litigate his claims. Therefore, Plaintiff is entirely responsible for the delay in prosecution. In addition, this matter has been pending on the Court's docket for over one year without any activity on the part of the Plaintiff, which demonstrates a history of proceeding in a dilatory fashion. As a general rule, a delay in prosecution results in some measure of prejudice to the defendant because the longer an action exists without significant activity, the greater the difficulty in resurrecting the facts and locating the witnesses. Despite these realities, the extent of the prejudice here is difficult to gauge given that Defendants have not been served with process and the statute of limitations on Plaintiff's claims may not have expired. Thus, the undersigned concludes that while prejudice from the delay exists, it is not overwhelming. Still, Plaintiff has made no effort to pursue his claims and shows no interest in prosecuting this civil action

3

despite explicit warnings that his case would be dismissed if he failed to act. For that reason, a sanction less than dismissal would not be effective. *See Ballard,* 882 F.2d at 95-96. Bearing these factors in mind, and taking into account the importance of resolving civil rights actions on their merits, the undersigned **FINDS** that dismissal is appropriate, but is best entered without prejudice.

Wherefore, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge **DENY** Plaintiff's application to proceed *in forma pauperis,* (ECF No. 2)*,* **DISMISS** the complaint, **without prejudice**, (ECF No. 1), and remove this matter from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour,* 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,*

727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

**DATED**: September 5, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge